Henderson, Chief Justice.
— Were this donation by will, and the object to emancipate, the case of Haywood v. Craven (2 Law Rep. 557) is an authority to s!ibvrs that a trust results to the heir at law, and next of kin. If the object be, to hold the negroes, not as property, but In a qualified state of bondage, the case of Huckaby v. Jones (2 Hawks 120.) shows that a trust also residís-. — - It is unimportant therefore to inquire whethc-r the object of the parties was, that, the Defendant should etnancip-te the slaves | or that he should continue to hold them in the manner pointed out in the deed.
His Honor then stated the declaration of trust as above, and proceeded as follows: These trusts exclude the idea, tliat he should hold the negroes as property. And the policy of the law forbids, that they should be held otherwise. The trust therefore fails off, and the Defendant holds them as - property freed from the trust; or the beneficial interest results to the grantor; or rather, never was out of her,, I shall not examine the cases which were cited and commented on at the bar. They all go to prove, that unlawful trusts, motives or intents render the grant void or not, as will best tend ro suppress the illegal art, or intent contemplated. Or if they do not render the grant v'oidj they either fall olf or result? as will best effect the *496 same object* And here it is obs.-• v.dht. (¡¡at fbere is no [}age ¿egig„} on the part of the maker, to do an immoral act, to cheat or defraud another. The act is forbidden only by the stern policy of the State, necessary to support our institutions in regard to slaves j but there is nothing malum in ss in the act. Nor did she attempt to conceal or disguise her object, but placed it in her deed, to be put on the public records. There is nothing therefore, which forbids this Court to give to her her legal rights. We cannot say that her bands are unclean; and therefore we will not aid her, or give her that which’ .in strict right she may be entitled to. For sensitive as we are, and ought to be, as to whatever may interfere with our laws on the question of slaves, and however severely we may punish, and ought to punish those, who in the most remote manner attempt to weaken the bonds, by which we hold them, yet these sensibilities are not roused, or acted on against a single female, who from feelings of kindness towards her three or four slaves, or from feelings of conscience, endeavors to better their condition, who has acted openly, and who from the publicity which she has given to her act, did not intend to offend against the law ; it is sufficient for her to feel the direct effects of her unlawful act, without also-subjecting her to its indirect effects. This consideration frees this case at once from the operation of those cases, where a fraudulent or dishonest grantor comes into this Court to annul his deed. Against her merits the .Defendant has none. He is a mere volunteer, and now attempts to hold the negroes as slaves, in fraud of his agreement with her. Sound policy, perhaps, would require that the slaves should be forfeited. But we have no authority to make, only to declare the law.
Had this case arisen on a will, there would not have been even an argument attempted to disprove a resulting trust. But being in a deed, it is said, that no such trust arises. And the reason assigned for this difference it, *497 that in a will the intent alone is regarded, «Web shall he executed.; but not so in a deed. Is this rule applicable to the present case ? It is true, that certain technical words are required by law to express certain intents in a deed I --ho word heirs, to denote that perpetuity necessary to give a fee-simple.: the words heirs of the body, to (Trail* an estate tail. But in a will, wo particular words are necessary to denote an intent j any significant words will do. But, whew the- indent is thus fixed and ascertained, the thing created possesses the same qn.t!; ties, whether created by the technical wards required in a deed, or the significant words used in a will. A fee-simple is a fee-simple, and nothing more or less, whether created by deed or will; and the law will not permit an illegal estate to be created by either. Nor can an estate, which would be illegal, if created by deed, bo legal, because orea led by will. Neither can qualities be given to it by one, which it is unlawful to giro to it by the other, or which the other cannot give. That a different rule prevails in arriving at the intent, that a word would create a thing in the one, which it would not in the other, is admitted. But this is a rule in regard to the construction of the instrument. There can be no reason for raising a resulting trust for the heir, which does not equally operate to raise owe for the grantor. It is said, that the heir takes all that the ancestor does not devise to another. The grantor retains all that he has not given away ; and if the grantee cannot take the beneficial interest, if remains in the grantor. For to every grant there must be a grantee- — a faker. It is said, that the grantor had forfeited her estate, by attempting an illegal trust. So has the devisor, am his heir takes nothing hut what his ancestor had at his death. Si is said, the forfeiture is inflicted on bin», to prevent the commission of such acts. Onr. own feelings, way, our holy religion tells us, that we are more restrained by puni.dimefit io ho iniUctcd on our children for ok*" *498 crimes, than on ourselves. So that policy is on the other side. I cannot therefore distinguish this case from a sr- . . . . milar disposition made m a will.
Ruffin, Judge, concurred.